**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ANTHONY TERRELL JONES, #K3994**                                    **PETITIONER**

**versus**                                    **CIVIL ACTION NO. 5:06cv145-DCB-MTP**

**LAWRENCE KELLY, Superintendent**                                    **RESPONDENT**

**OPINION AND ORDER**

THIS MATTER is before the court on the Motion to Stay [15] filed by petitioner. Having considered the submissions of the parties, along with documents made a part of the record of this case and the applicable law, the court finds that the motion should be DENIED.

PROCEDURAL HISTORY

On June 9, 2004, Anthony Terrell Jones was convicted in the Circuit Court of Warren County, Mississippi of aggravated assault, kidnaping, and possession of a firearm by a convicted felon, and was sentenced to a term of twenty years for count one, thirty years for count two, and three years for count three, to be served consecutively. Petitioner filed a direct appeal of his convictions and sentences to the Mississippi Supreme Court, raising the following grounds: (1) "The trial court erred in not granting Appellant's Motion for Judgment Notwithstanding the Verdict, or in the alternative not granting a New Trial"; (2) "The trial court erred in granting States [*sic*] motion in limine to permit Mr. Jones' prejudicial prior bad acts to be mentioned in State's opening statement as well as testimony from State's witnesses in violation of Miss. R. Evid. R. 404"; (3) "The trial court erred in granting States [*sic*] motion in limine to permit Mr. Jones' prejudicial prior bad acts to be mentioned in State's opening statement as well as testimony from State's witnesses without first conducting an on the record M.R.E. 403 balancing test"; (4) "The trial court erred in admitting photographs of the victim's injuries"; (5) "The trial

court erred in not giving the jury a circumstantial evidence instruction." *See* Appellant's Brief, Ex. D to Petition [1]. Additionally, the following grounds were raised by petitioner *pro se*: (1) "Whether trial defense attorney was ineffective for not presenting evidence of victim's uncharged misconduct for forging defendant's signature and presenting false information to Mississippi Department of Human Services to receive monies for child services"; and (2) "Whether the trial defense counsel was ineffective for failure to call witnesses on behalf of the defendant that would have impeached [Ms.] Thomas as a witness and supported his claims concerning the DHS claim." *Id.* On February 2, 2006, the Mississippi Supreme Court affirmed petitioner's conviction and sentence.[1] He did not seek further discretionary review in state court by filing a petition for rehearing, nor did he file a petition for writ of certiorari to the United States Supreme Court.

On or about May 2, 2006,[2] Petitioner filed a motion for leave to seek post-conviction collateral relief in the state courts, in which he raised the same seven grounds raised in his direct appeal, plus the following additional seven ineffective assistance of counsel claims: (1) trial counsel failed to "explore" the relationship between State's witness Ms. Thomas and petitioner's aunt; (2) trial counsel failed to conduct an adequate pre-trial investigation to obtain information to contradict victim's testimony; (3) trial counsel failed to adequately explain why petitioner was present at the victim's mother's house on the day in question; (4) trial counsel did not subpoena witnesses on petitioner's behalf; (5) trial counsel displayed a conflict of interest during closing arguments; (6) trial counsel failed to reveal that the victim had a history of lying to law

---

[1] *Jones v. State of Mississippi,* 920 So. 2d 465 (Miss. 2006).

[2] He had three years from the date his "direct appeal [was] ruled upon" to do so. Miss. Code. Ann. § 99-39-5(2).

enforcement; and (7) trial counsel "was ineffective due to the fact that he on May 19, 2004 had a hearing on petitioner's motion for a psychiatric evaluation" and that prior to the hearing, petitioner had informed trial counsel that he no longer desired his representation.[3]  On July 26, 2006, the Mississippi Supreme Court denied petitioner's ineffective assistance of counsel claims, stating that they were "without merit pursuant to *Strickland v. Washington*."  *See* Order, Ex. C to Petition [1].  The court dismissed the remaining claims raised by petitioner, holding that they were procedurally barred pursuant to Miss. Code Ann. § 99-39-21, since they "were raised on direct appeal or were capable of being raised on direct appeal."  *Id.*

On or about October 10, 2006, petitioner filed a pleading titled "Writ of Certiorari" with the Mississippi Supreme Court, asking the court to vacate and remand the judgment of the trial court, and to instruct the trial court to release him from prison or to issue him a proper indictment.  On January 29, 2007, the Mississippi Supreme Court issued an order stating as follows:

> The panel finds that the filing is in the nature of a petition for post-conviction relief and is considered as such.  After due consideration, the panel finds that the relief requested in the petition should be denied.  IT IS THEREFORE ORDERED that the relief requested in the "Writ of Certiorari" filed by Anthony Jones is denied.

*See* Ex. A to Answer [13-2].

Petitioner filed his *pro se* petition for writ of habeas corpus on or about October 19, 2006.  By that petition, he asserts the following grounds for habeas relief: ineffective assistance of

---

[3] Although grounds six and seven were not specifically numbered as "issues" in petitioner's petition, the issues were contained in the petition and were thus sufficiently presented.  *See* Petition [1] at 42; 45-46; *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999) (holding that *pro se* habeas petitions are liberally construed).

3

counsel (the same nine claims raised in his state petition as listed above);[4] due process violation for the trial court's failure to give a circumstantial jury instruction; and violation of equal protection under the Fourteenth Amendment for the trial court's admission of inflammatory evidence that prejudiced petitioner. These grounds were considered and rejected by the Mississippi Supreme Court. The respondent answered the petition on February 6, 2007 [13].

On March 19, 2007, petitioner filed the instant motion to stay [15]. In his motion to stay and supporting submissions, petitioner requests a stay from this court based on "newly discovered evidence" that is relevant to his case, so that he can "first exhaust all state remedies." *See* Motion to Stay [15]. The "new evidence" submitted by petitioner appears to be an excerpt from a Millon Clinical Multiaxial Inventory-III Corrections Report ("MCMI-III Report") [17-3], issued on or about July 2, 2004.[5] The report states that the research classifications contained in the report "are intended to assist with key programming and placement decisions made at intake" for prisoners recently confined into prison. *See* Report [17-3] at 2. Petitioner states that this new evidence supports his ineffective assistance of counsel claim that his trial counsel failed to properly challenge the fact that the trial judge denied his motion for a psychiatric evaluation. *See* Reply [17] at 2. He claims that this "new evidence" is in "complete compliance of 28 U.S.C. 2244(b)(2)." *Id.* at 3.

---

[4]Ground one of petitioner's petition, ineffective assistance of counsel, states as follows under the supporting facts: "see pages attached page 53-66." *See* Petition [1] at ¶ 12. A. Petitioner attached pages 53-66 of his state habeas petition, containing the ineffective assistance of counsel grounds previously raised.

[5]According to petitioner, he received this report in September or October of 2006 in connection with a civil rights action he had pending in this court, No. 5:04cv145. The report was produced to petitioner with his medical records by the defendants in that action.

4

DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999). The expiration of the time for review thus includes "the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts v. Cockrell,* 319 F.3d at 694.

As noted above, following the Mississippi Supreme Court's decision on February 2, 2006, petitioner did not seek further discretionary review of those claims.[6] His judgment therefore became final–and the statute of limitations for federal habeas relief began to run–on May 3, 2006 (February 2, 2006 plus ninety days), giving him until May 3, 2007 to file his petition. Accordingly, petitioner met the federal filing deadline by filing his petition on or about October 10, 2006.[7].

In addition to the time period within which federal habeas relief may be sought, AEDPA also specifies that exhaustion of a claim in state court is required for a federal court to consider

---

[6]As stated above, on October 10, 2006, petitioner filed a "Writ of Certiorari" with the Mississippi Supreme Court, claiming that his indictment was defective. The Mississippi Supreme Court entered an order on January 29, 2007, denying the relief requested in the Writ. The indictment issue is not raised in the instant petition.

[7] Petition [1] at 6. The mailbox rule tolls the statute of limitations when the petition is delivered to prison officials for mailing. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999).

5

the claim: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that...the applicant has exhausted the remedies available in the courts of the State... ."  28 U.S.C. § 2254(b)(1)(A). It is further specified in section 2254(c) that an applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  Thus, it is a "fundamental prerequisite" to federal habeas relief that a petitioner exhaust all his claims in state courts prior to seeking federal collateral relief.  *Sterling v. Scott,* 57 F.3d 451, 453 (5th Cir. 1995).

To satisfy this requirement, the petitioner must present his claims to the highest state court in a procedurally proper manner so that the state courts are given a fair opportunity to consider and pass upon challenges to a conviction before those issues come to federal court for habeas corpus review.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999).  Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings.  *See Orman v. Cain,* 228 F.3d 616, 620 & n.6 (5th Cir. 2000).

Petitioner filed the instant motion to stay based on "newly discovered evidence" that is relevant to his case, so that he can "first exhaust all state remedies."  Based on petitioner's submissions, it appears that the claim he believes is unexhausted relates to his trial counsel's ineffective assistance of counsel during the hearing on his motion for a psychiatric evaluation. *See* Reply [17] at 2; Response [21] at 2.  However, because this issue was raised in petitioner's state post-conviction proceedings, this claim is not unexhausted.[8]  *See Orman,* 228 F.3d at 620 &

---

[8]In his application for leave to proceed in the trial court, petitioner stated that his trial counsel "was ineffective due to the fact that he on May 19, 2004 had a hearing on petitioners motion for a psychiatric evaluation" and that prior to the hearing, petitioner had informed trial

6

n.6. Indeed, the very exhibits used to support petitioner's claim is an excerpt from his state petition for post-conviction relief. *See* Petition [1] at ¶ 12. A.; pp. 35-47. The Mississippi Supreme Court considered the ineffective assistance of counsel claims raised in petitioner's state petition, including this claim, and rejected it on its merits. Accordingly, the claim is exhausted.

When a petitioner has *failed* to exhaust all of his claims in state court, the federal habeas court has the discretion to stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously *unexhausted* claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). However, because petitioner's claims have been exhausted, a stay and abeyance is not appropriate here, and his motion to stay should be denied.[9]

Further, it appears from petitioner's submissions that what he actually seeks is for the court to consider the "new evidence" (i.e., MCMI-III Report) in support of his ineffective assistance of counsel claim. Pursuant to Rule 7 of the Rules Governing Section 2254 Cases, the court may "direct the parties to expand the record by submitting additional materials relating to the petition." *See also Brown v. Johnson*, 224 F.3d 461, 467 (5th Cir. 2000) (quoting *Blackledge v. Allison*, 431 U.S. 63, 81-82 (1977)) (stating that "district courts have a number of tools at their disposal, including Rule 7, which can be used to expand the record and 'dispose of some habeas petitions not dismissed on the pleadings ... without the time and expense required for [a full-fledged] evidentiary hearing'"). Accordingly, pursuant to Rule 7, the court will consider the MCMI-III Report in evaluating the merits of petitioner's petition. Additionally, the court will

---

counsel that he no longer desired his representation.

[9]Stay and abeyance is only appropriate when three requirements are met: 1) there is "good cause for the petitioner's failure to exhaust his claims first in state court[;]" 2) the unexhausted claims are not "plainly meritless[;]" and 3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277-78.

give the respondent an opportunity to submit arguments and materials in opposition, if necessary, on the narrow issue regarding petitioner's claim that his trial counsel was ineffective during the hearing on his motion for a psychiatric evaluation.  The court's consideration of this additional material should not be construed as an opinion on the merits of the claims presented or a decision that the materials submitted are "new evidence."

It is, therefore, ORDERED:

1. That Petitioner's Motion to Stay [15] is DENIED;

2. That on or before February 8, 2008, the respondent may file any additional arguments and/or materials in response to the arguments and materials submitted by the petitioner on the narrow issue that his trial counsel was ineffective during the hearing on his motion for a psychiatric evaluation; and

4. That on or before February 28, 2008, petitioner may file a rebuttal to the response.

SO ORDERED on the 8th day of January, 2008.

        s/ Michael T. Parker
        United States Magistrate Judge