IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANTHONY TERRELL JONES, #K3994                                PETITIONER

VS.                                    CIVIL ACTION NO. 5:06-cv-145(DCB)(MTP)

LAWRENCE KELLY, Superintendent                               RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 29)**. Having carefully considered same, as well as the Petitioner's objections thereto **(docket entry 35)**, and being otherwise fully advised in the premises, the Court finds as follows:

Before the Court is Petitioner Anthony Terrell Jones's petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for aggravated assault, kidnaping, and possession of a firearm by a convicted felon, in the Circuit Court of Warren County, Mississippi. He raises the following grounds: (1) ineffective assistance of counsel; (2) violation of his due process rights; and (3) violation of his equal protection rights under the Fourteenth Amendment. These grounds were previously considered and rejected by the Mississippi Supreme Court.

As Magistrate Judge Parker points out, under the AEDPA, when the state court has adjudicated the petitioner's claims on the merits, the federal court reviews mixed questions of law and fact under 28 U.S.C. § 2254(d)(1). Since the grounds raised in Jones's

federal petition involve mixed questions of law and fact, this Court's authority to grant habeas relief on these claims is limited to a determination of whether the decisions of the Mississippi Supreme Court were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Concerning Jones's ineffective assistance of counsel claims, the Report and Recommendation discusses each claim thoroughly and concludes that Jones has failed to establish that his trial court's performance was deficient, that he was prejudiced by any alleged deficiencies, or that his trial was rendered fundamentally unfair or unreliable.

Jones's due process claim is based on the trial court's failure to give a proffered jury instruction. The United States Supreme Court has made it clear that challenges to jury instructions may form the basis for federal habeas corpus relief only where the allegedly improper instruction rises to the level of a constitutional violation. Magistrate Judge Parker finds that the trial court's denial of a circumstantial jury instruction did not rise to the level of a constitutional violation, and in fact the trial court did not err when it refused to give the instruction.

Finally, in discussing Jones's claim for violation of his equal protection rights based on the admission of inflammatory evidence by the trial court, Magistrate Judge Parker points out

2

that such a claim is cognizable under §2254 only if the state court's evidentiary rulings run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair. The Report and Recommendation concludes that the trial court's admission of evidence of Jones's attempted assault on the victim the day before the crimes occurred was proper to show motive under Mississippi Rule of Evidence 403, and that the state court's decision was not contrary to or an unreasonable application of clearly established federal law.

Jones's claims have been fully addressed by Magistrate Judge Parker in his Report and Recommendation, and the Court finds nothing in Jones's objections thereto which would cause it to modify the Magistrate Judge's findings. Accordingly,

IT IS HEREBY ORDERED that the petitioner's objections **(docket entry 35)** are DENIED;

FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 29)** is adopted as the findings of this Court.

A final judgment dismissing the petition in accordance with Rule 58 of the Federal Rules of Civil Procedure shall follow.

SO ORDERED, this the 24th day of March, 2010.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE